# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

In re: The Nash Engineering Company,
      Debtor

DOCKET NO. 25-2553

G. Denver and Co., LLC,

      Interested Party – Appellant,

The Nash Engineering Company,

      Debtor,

v.

George I. Roumeliotis, the chapter 7 trustee of the bankruptcy
Estate of The Nash Engineering Company, Century Indemnity
Company, Pacific Employers Insurance Company,

      Appellees.

## REPLY IN SUPPORT OF APPELLEES'
## MOTION TO DISMISS APPEAL

Mark D. Plevin
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, California 94104
(202) 580-6640

*Attorneys for Appellees Century Indemnity
Company and Pacific Employers Insurance
Company*

[additional counsel listed on page 11,
below]

# Table of Contents

Page

Preliminary Statement ................................................................................................ 1

I.  Section 363(m) renders Dovers' appeal statutorily moot because the District Court's unstayed orders authorized sale of the Trustee's interests in the Policies under § 363(b). ....................................................................... 2

   A.  Dovers waived any argument that the challenged Orders are not subject to §363(m). ............................................................................... 2

   B.  Both the text of § 363(m) and decades of appellate precedent foreclose Dovers' ability to appeal the District Court's orders. ........................................ 3

   C.  Dovers' assertion that the relief it seeks would not "affect the validity" of the sale is demonstrably false. .......................................................... 7

II.  Dovers' appeal should be dismissed because its response confirms that it lacks appellate standing. ....................................................................... 8

III. Equitable mootness is an alternative ground for dismissal. .................................. 9

Conclusion ................................................................................................................ 11

Certificate of Compliance ........................................................................................ 12

Certificate of Service .............................................................................................. 12

# Table of Authorities

**Page(s)**

## Cases

*Green v. Dep't. of Educ. of City of New York*, 16 F.4th 1070 (2d Cir. 2021) ........................ 3

*In re Berkeley Delaware Court, LLC*, 834 F.3d 1036 (9th Cir. 2016) ................................... 5

*In re BGI, Inc.*, 772 F.3d 102 (2d Cir. 2014) ................................................................. 9, 10

*In re Boy Scouts of America*, 137 F.4th 126 (3d Cir. 2025) ................................................. 6, 8

*In re Gucci,* 105 F.3d 837 (2d Cir. 1997) .............................................................. 1, 6, 9

*In re Gucci,* 126 F.3d 380 (2d Cir. 1997) ................................................................... 8

*In re Martin*, 91 F.3d 389 (3d Cir. 1996) ...................................................................... 5

*In re Moore*, 603 F.3d 253 (5th Cir. 2010) ................................................................... 4

*In re Ocean Rig UDW Inc.,* 585 B.R. 31 (S.D.N.Y. 2018), *aff'd,* 764 Fed. Appx. 46 (2d Cir. 2019) .......................................................................................................... 10

*In re Shawnee Hills, Inc.*, 125 Fed. Appx. 466 (4th Cir. 2005) ........................................... 10

*In re WestPoint Stevens, Inc.*, 600 F.3d 231 (2d Cir. 2010) ............................................... 6

*In re Windstream Holdings, Inc.*, 833 Fed. Appx. 634 (2d Cir. 2021) ................................. 10

*MacArthur Co. v. Johns-Manville Corp.* 837 F.2d 89 (2d Cir. 1988) ................................... 4

*Stokes v. Gardner*, 483 Fed. Appx 345 (9th Cir. 2012). ...................................................... 10

## Statutes

11 U.S.C. § 363(b) ................................................................................................ passim

11 U.S.C. § 363(c) ...................................................................................................... 5

11 U.S.C. § 363(f) ...................................................................................................... 4

11 U.S.C. § 363(m) ............................................................................................... passim

Fed. R. Bank. P. Rule 9019 ..................................................................................... 5, 7

U.S. Const. art. III ...................................................................................................... 8

## Preliminary Statement[1]

This is not a close call. Section 363(m)'s paramount purpose is to protect good faith purchasers of estate assets—like the Insurers—from appellate attacks—like Dovers'—upon an unstayed sale order. As this Court has explained, because Congress prohibits appellate courts from affecting the validity of a sale to a good faith purchaser, there is no remedy an appellate court can fashion even if it would have determined the issues differently. As a result, "courts have regularly ruled that the appeal is moot."[2]

Here, there simply is no escaping the fact that the relief Dovers seeks—stripping the Insurers of the full protection of the sale order's injunction guaranteeing their peace and finality, a *sine qua non* of the Insurers' willingness to pay millions of dollars into the Debtor's estate—would "affect the validity" of the sale order. Section 363(m) therefore requires dismissal of Dovers' appeal because (i) the District Court's Orders approved the Trustee's sale of the Policies under § 363(b), (ii) Dovers did not obtain a stay pending appeal, thereby limiting appellate review to whether the Insurers were good-faith purchasers, and (iii) Dovers never challenged the Insurers' *bona fides* as purchasers either in the District Court or here. Because Dovers does not assign error to the single issue that § 363(m) leaves open for appellate review in these circumstances—the buyer's good faith—its appeal should be dismissed.

---

[1] Movants continue use of terms previously defined in their Motion and Memorandum.

[2] *In re Gucci,* 105 F.3d 837, 839 (2d Cir. 1997).

If that, alone, were not sufficient to warrant dismissal of this appeal—and it is—Dovers failed to adduce any support for its naked assertion that it has, had, or ever will have an interest in the Policies that the Insurers bought back (and terminated). Dovers thus has no pecuniary interest at stake here. As a result, this Court's prudential limitations on appellate standing in bankruptcy matters independently support dismissing this appeal because Dovers is not a "person aggrieved" with standing to appeal the District Court's Orders.

## I. Section 363(m) renders Dovers' appeal statutorily moot because the District Court's unstayed orders authorized sale of the Trustee's interests in the Policies under § 363(b).

Dovers principally contends (at 12) that § 363(m) is inapplicable because, it asserts, the approved transaction was "Not a Sale Pursuant to Section 363." But this assertion blinkers reality. It ignores the nature of the relief sought in the Trustee's motion, the content of the District Court's Orders, the text of § 363(m), and the broad application of § 363(b) to sales of property of this exact nature.

### A. Dovers waived any argument that the challenged Orders are not subject to § 363(m).

Dovers' assertion that § 363(m) has no application is specious. It has also been waived. Dovers made no such argument before the District Court. Its "Limited Objection" took no issue with the settlement transaction being structured as a policy buyback under § 363, nor did it raise any objection to the fairness of the transaction. As relevant here, Dovers objected solely "to the extent they ask the Court to approve

an improper release of and injunction against third-party claims. . . ."[3]  Dovers did not

even suggest that the District Court could not authorize a sale of the policies under §

363(b), much less seek a ruling to that effect.

"It is a well-established general rule that an appellate court will not

consider an issue raised for the first time on appeal."[4]  Because Dovers did not make

the "not a sale" argument below, it cannot raise it for the first time on appeal.

> **B.** **Both the text of § 363(m) and decades of appellate precedent foreclose Dovers' ability to appeal the District Court's orders.**

Waiver aside, Dovers' assertions are textually foreclosed by 11 U.S.C.

§ 363(m), which provides:

> (m) The reversal or modification on appeal *of an authorization under subsection (b) or (c) of this section* of a sale or lease of property *does not affect the validity of a sale or lease under such authorization* to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, *unless such authorization and such sale or lease were stayed pending appeal.* [Emphasis added.]

The District Court's Orders obviously constituted "authorizations under"

§ 363(b).  To challenge approval of the policy buybacks other than on the issue of good

faith, § 363(m) required Dovers to obtain a stay pending appeal.  But Dovers never

even asked for a stay, and its failure to obtain one precludes appellate consideration of

---

[3]      A296.

[4]      *Green v. Dep't. of Educ. of City of New York*, 16 F.4th 1070, 1078 (2d Cir. 2021) (cleaned up).

its (belated and waived) argument that the transaction should not have been authorized under § 363(b).

Dovers' argument also flies in the face of settled precedent—on numerous levels. Indisputably, the Trustee specifically sought to sell the estate's interests in the Policies under § 363(b) of the Bankruptcy Code, and the District Court's Order relied on §§ 363(b) and (f) in granting the motion.

The Trustee's request for a sale under § 363(b) was not, as Dovers argues (at 13-15), some clever "characterization" of the sale to limit appellate scrutiny. It was a valid exercise of the Trustee's rights under the Bankruptcy Code to maximize the value of the estate. It has long been settled law in this Circuit that insurance policies are estate property that a trustee can "sell back" to its insurers—even over the objection of a putative co-insured.[5]

So, too, courts are in accord that choses in action—such as the putative fraudulent transfer claims asserted by the Trustee against the Insurers here—represent intangible estate property that a trustee has the authority to monetize for the benefit of the estate either by settling or by selling pursuant to § 363(b). "A compromise of a claim of the estate is in essence the sale of that claim to the defendant."[6] As the Ninth Circuit wrote, agreeing with its own BAP and the Third and Fifth Circuits: "We see no

---

[5]  *See MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 92 (2d Cir. 1988).

[6]  *In re Moore*, 603 F.3d 253, 258 (5th Cir. 2010).

good reason why a trustee and the bankruptcy court cannot utilize the procedures of § 363 in certain settlements in order to ensure maximum value for the estate."[7]  Thus, "a bankruptcy court has the discretion to apply § 363 procedures to a sale of claims pursuant to a settlement approved under Rule 9019."[8]

It happens not irregularly in bankruptcy that a sale of estate property pursuant to § 363 is intertwined with a settlement of disputes that is subject to court approval pursuant to Rule 9019.  And when a motion is presented seeking approval of a settlement agreement that involves a sale of estate property, the requirements of both the statute and the rule are applicable.  This much is uncontroversial.  Critically, however, the applicability of Rule 9019 creates no exception to, or narrowing of, the protections afforded to a good faith purchaser by § 363(m).  Thus, "[w]here, as here, a bankruptcy court invokes § 363 for a sale of claims pursuant to a settlement agreement, *all parties are bound by § 363(m)'s requirement to seek a stay. . . .*"[9]

Dovers is asking this Court to "affect the validity of" the sale "under such authorization"—something that Congress has expressly barred this Court from doing. As this Court has repeatedly confirmed, § 363(m) "bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a good-faith

---

[7]      *In re Berkeley Delaware Court, LLC*, 834 F.3d 1036, 1040 (9th Cir. 2016).  *See also In re Martin*, 91 F.3d 389, 394-95 (3d Cir. 1996) (§ 363 procedures may be applied to a settlement agreement involving the mutual release of claims).

[8]      *In re Berkeley Delaware Court*, 834 F.3d at 1040.

[9]      *Id.* at 1041 (emphasis added).

purchaser and was not stayed pending appeal."[10] Thus, this Court's "appellate jurisdiction over an unstayed sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser."[11]

Accordingly, § 363(m) is powerful protection. Congress has insulated good faith purchasers—such as the Insurers here—from any appellate attack on any unstayed order that would affect the validity of the sale. The Third Circuit recently reemphasized these principles in *Boy Scouts*, where certain claimants argued that § 363(m) did not apply to sales approved in a plan confirmation order. The court dismissed the appellants' arguments because the confirmation order unambiguously authorized the sale of policies pursuant to § 363, the insurers were good faith purchasers for value, and the confirmation order was not stayed.[12]

Dovers' efforts to make hay from the fact that, pre-bankruptcy, the debtor purported to sell the policies to the Insurers in a 2020 transaction are bereft of merit. The Trustee was attacking the 2020 transaction as an intentional and/or constructive fraudulent transfer and, had the Trustee sued and prevailed, the 2020 transaction could have been unwound and the Policies returned to the bankruptcy estate. Whether

---

[10] *In re WestPoint Stevens, Inc.*, 600 F.3d 231, 247 (2d Cir. 2010) (cleaned up).

[11] *In re Gucci*, 105 F.3d at 839

[12] *In re Boy Scouts of America*, 137 F.4th 126, 152 (3d Cir. 2025), *cert. denied*, 2026 WL 79599 (U.S. Jan. 12, 2026).

viewed as choses in action for fraudulent transfer, or interests in the Policies the Insurers bought back from the Debtor pre-bankruptcy, it cannot be contested that there was property of the estate that the Trustee was entitled to monetize—and maximize the sale price—for the benefit of the creditors. There was no reason why the Trustee and the Insurers could not do as they did—negotiate an increased buyback price, enter into an agreement that displaced the 2020 agreement, and present it to the Court for approval under § 363(b) and Rule 9019—and there was nothing nefarious in their doing so. As the Trustee's motion explained, "since the Avoidance Claims asserted by the Trustee challenge the Policy Sale, any settlement of such claims would need to resolve the status of the Policy Sale. The Settlement does so by providing a broad and definitive confirmation of the Policy Sale, in exchange for (among other consideration) a substantial payment."[13]

**C.** **Dovers' assertion that the relief it seeks would not "affect the validity" of the sale is demonstrably false.**

Dovers suggests (at 21-23) that the sale can be challenged notwithstanding § 363(m) because this Court can grant narrower relief than reversal of the Orders' authorization of the sales. But, as an appellant seeking to challenge an unstayed § 363(b) sale and seeking to circumvent § 363(m)'s bar, it is Dovers' burden to "demonstrate that the relief affects only collateral issues not implicating a central or integral element

---

[13]     A188.

of a sale."[14] Dovers cannot carry this burden, however, because the relief Dovers seeks—excepting itself from the injunction preventing further claims or suits against the Insurers in connection with the repurchased policies—would knock out a central pillar of the settlement, *i.e.*, the complete peace and finality that the Insurers insisted upon in exchange for their willingness to re-trade the 2020 transaction and pay millions in additional consideration. Indeed, the District Court *found as fact* that the broad injunction contained in its Orders was indispensable to the Insurers' willingness to pay the agreed-upon consideration—again, a finding that Dovers did not challenge below, and does not and cannot challenge here.

## II. Dovers' appeal should be dismissed because its response confirms that it lacks appellate standing.

In addition to § 363(m) restricting appellate review to the here-unchallenged issue of the Insurers' good faith, Dovers' response confirms that it lacks appellate standing because it has no pecuniary interest in the subject Policies and therefore is not a "person aggrieved" by the District Court's Orders. In addition to the requirements imposed by Article III of the Constitution, "[t]o have standing to appeal from a bankruptcy court ruling in this Circuit, an appellant must be an aggrieved person, a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court."[15] "The stringency of our rule is rooted in a concern that freely

---

[14]    *In re Boy Scouts of America*, 137 F.4th at 155 (cleaned up).

[15]    *In re Gucci*, 126 F.3d 380, 388 (2d Cir. 1997) (cleaned up).

granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters."[16]

Dovers has had ample opportunity to articulate its purported present, legally cognizable interest in the Policies. However, as it did below, Dovers again fails to articulate how it could lay claim to any pecuniary interest in the Policies. Per the District Court: "The crux of the problem is that D[overs] has not put forth any evidence or law to support its argument that D[overs] has rights to the Policies."[17]

Before this Court, Dovers likewise elides any discussion of its putative pecuniary interest in the policies. Because Dovers has not articulated any basis for claiming a legally cognizable interest in the policies that were the subject of the policy buyback settlement/sale, it is not a "person aggrieved" and lacks standing to appeal the District Court's Orders. Its appeal should be dismissed on this additional ground.

## III. Equitable mootness is an alternative ground for dismissal.

While statutory mootness alone requires dismissal of Dovers' appeal, equitable mootness also supports dismissal.

Although this Court has not addressed whether equitable mootness can be applied in Chapter 7 cases, it specifically reserved the question in *In re BGI*, while noting the doctrine's increasingly expansive application—including in Chapter 7

---

[16]     *Id.*

[17]     A014. *See also* A015.

liquidation proceedings.[18]  More recently, the Court emphasized, "[o]ur precedent is clear that equitable mootness can be applied in a range of contexts, including appeals involving all manner of bankruptcy court orders."[19]  Indeed, "[c]ourts have imported the policy from its origin in Chapter 11 to cases under Chapters 7, 9, and 13 of the Bankruptcy Code,"[20] and at least two circuits have applied the doctrine in Chapter 7 proceedings.[21]

Here, where Dovers sat on its rights and made no attempt to obtain a stay of the Orders pending appeal, it would be appropriate to apply equitable mootness.  In *BGI*, this Court noted that "[e]quitable mootness is a 'pragmatic' doctrine, one that is 'grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable.'"[22]  Given that the Insurers have paid the full settlement amount in reliance on Dovers' failure to seek a stay, it would be inequitable to allow Dovers to pursue an appeal at this late date.

---

[18]  *In re BGI, Inc.*, 772 F.3d 102, 109 nn.10, 13 (2d Cir. 2014).

[19]  *In re Windstream Holdings, Inc.*, 833 Fed. Appx. 634, 636-37 (2d Cir. 2021), (citing *BGI*, 772 F.3d at 109 & n.12) (cleaned up).

[20]  *In re Ocean Rig UDW Inc.,* 585 B.R. 31, 39 (S.D.N.Y. 2018), *aff'd,* 764 Fed. Appx. 46 (2d Cir. 2019).

[21]  *See In re Shawnee Hills, Inc.*, 125 Fed. Appx. 466, 469-70 (4th Cir. 2005); *Stokes v. Gardner*, 483 Fed. Appx 345, 346 (9th Cir. 2012).

[22]  *BGI*, 772 F.3d at 107.

- 10 -

## Conclusion

Movants' motion to dismiss Dovers' appeal of the Orders should be granted, and Dovers' appeal should be dismissed.

Dated:  February 5, 2026

Respectfully submitted,

By:   /s/ Kristin B. Mayhew
    Mark D. Plevin
    PLEVIN & TURNER LLP
    580 California Street, Suite 1200
    San Francisco, California 94104
    (202) 580-6640
    mplevin@plevinturner.com

    Irve Goldman
    Kristin B. Mayhew
    PULLMAN & COMLEY, LLC
    850 Main Street, 8th Floor
    P.O. Box 7006
    Bridgeport, Connecticut 06601-7006
    Telephone:  (203) 330-2213
    Email:  igoldman@pullman.com,
    kmayhew@pullman.com

    *Attorneys for Appellees Century Indemnity Company and Pacific Employers Insurance Company*

    Jeffrey M. Sklarz
    Robert Fleischer
    GREEN & SKLARZ LLC
    One Audubon St., 3d Floor
    New Haven, Connecticut 06511
    Telephone:  (203) 285-8545
    Email:  jsklarz@gs-lawfirm.com,
    rfleischer@gs-lawfirm.com

    *Attorneys for Appellee George I. Roumeliotis, Trustee*

- 11 -

## Certificate of compliance

I hereby certify that this reply in support of Movants' motion to dismiss meets the requirements of Rule 27 of the Federal Rules of Appellate Procedure because it contains 2,584 words (excluding, pursuant to Rule 37(f) of the Federal Rules of Appellate Procedure, the cover page, the tables of contents and authorities, the signature blocks, this certificate, and the certificate of service), fewer than the 2,600 words permitted by the Rule.

Dated:  February 5, 2026          Respectfully submitted,

By: _____ */s/ Kristin B. Mayhew* _____
Kristin B. Mayhew

## Certificate of service

I hereby certify that I served the foregoing motion and the accompanying appendix on February 5, 2026 (i) through the Court's CM/ECF system and (ii) by email, on the following counsel:

Henry P. Baer, Jr.
FINN DIXON & HERLING LLP
hbaer@fdh.com

Jeffrey M. Sklarz
Robert Fleischer
GREEN & SKLARZ LLC
jsklarz@gs-lawfirm.com
rfleischer@gs-lawfirm.com

Dated:  February 5, 2026          Respectfully submitted,

By: _____ */s/ Kristin B. Mayhew* _____
Kristin B. Mayhew